1357-0006
H:\wdox\1357\0006\10014751.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS CHAVERS, et. al | § | |
| | § | |
| Plaintiffs, | § | Case No. 4:08-cv-03286 |
| | § | |
| vs. | § | |
| | § | |
| TYRONE MORROW, et. al | § | |

**DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND REQUEST FOR RULE 7(a) REPLY**

**TO THE HONORABLE JUDGE KENNETH M. HOYT:**

**COMES NOW**, Chief of Police Tyrone Morrow ("Chief Morrow" or "Defendant" herein) and files his Original Answer, Affirmative Defenses, and Request for Rule 7(a) Reply to Plaintiffs' Original Complaint and Request for Emergency Relief, and would respectfully show this Honorable Court the following:

**I.  ORIGINAL ANSWER**

1.     Defendant is without knowledge or information sufficient to form a belief about Plaintiffs' claims noted in Plaintiffs' Paragraph 1.

2.     Defendant is without knowledge or information sufficient to form a belief about Plaintiff' Paragraph number 2, and therefore denies same.

**Parties**

3.     Defendant is without knowledge or information sufficient to form a belief about Plaintiff' Paragraph number 3, and therefore denies same.

4.     Defendant is without knowledge or information sufficient to form a belief about Plaintiff' Paragraph number 4, and therefore denies same.

5.      Defendant is without knowledge or information sufficient to form a belief about Plaintiff' Paragraph number 5, and therefore denies same.

6.      Defendant is without knowledge or information sufficient to form a belief about Plaintiff' Paragraph number 6, and therefore denies same.

7.      Defendant is without knowledge or information sufficient to form a belief about Plaintiff' Paragraph number 7, and therefore denies same.

8.      Defendant admits the averments of Plaintiffs' Paragraph number 8.

9.      Defendant admits the averments of Plaintiffs' Paragraph number 9.

10.     Defendant admits the averments of Plaintiffs' Paragraph number 10.

11.     Defendant admits the averments of Plaintiffs' Paragraph number 11.

12.     Defendant admits the averments of Plaintiffs' Paragraph number 12.

13.     Defendant is without knowledge or information sufficient to form a belief about Plaintiff' Paragraph number 13, and therefore denies same.

## Factual Allegations

14.     Defendant is without knowledge or information sufficient to form a belief about the general averments of Plaintiff' Paragraph number 14, and therefore denies same.  However, Defendant admits the City of Bryan Police Department used a non-consent towing rotation list.

15.     Defendant denies Thomas Chavers or Sandra Portzer have ever applied for, or been placed on, any rotation list.  Defendant is without knowledge or information sufficient to form a belief about the remaining averments of Plaintiff' Paragraph number 15, and therefore denies same.

16.     Defendant is without knowledge or information sufficient to form a belief about the averments of Plaintiff' Paragraph number 16, and therefore denies same.

17.     Defendant denies any illegal action.  Defendant is without knowledge or information sufficient to form a belief about the averments of Plaintiff' Paragraph number 17, and therefore denies same.

18.     Defendant is without knowledge or information sufficient to form a belief about the averments of Plaintiff' Paragraph number 18 and therefore denies same.

19.     Defendant is without knowledge or information sufficient to form a belief about the averments of Plaintiff' Paragraph number 19, and therefore denies same.

20.     Defendant is without knowledge or information sufficient to form a belief about the averments of Plaintiff' Paragraph number 20, and therefore denies same.

21.     Defendant admits he sent a letter on October 28, 2008 suspending *Brazos Valley Roadrunners*, *All American Roadrunners*, and *Roadrunners* from the City of Bryan towing rotation list which referenced "numerous complaints of criminal activity allegedly committed by employees of those businesses."  Defendant admits the letter referenced several cases in the Brazos County Sheriff's office.  Defendant is without knowledge or information sufficient to form a belief about the averments of Plaintiffs' Paragraph number 21, and therefore denies same.

22.     Defendant admits his October 28, 2008 letter noted that "[t]he continued business relationship between the City of Bryan and your towing companies places the citizens of Bryan at risk."  Defendant denies, or is without knowledge or information sufficient to form a belief about, and therefore denies, the remaining averments of Plaintiffs' Paragraph 22.

23.     At this time, Defendant is without knowledge or information sufficient to form a belief about the averments of Plaintiffs' Paragraph 23, and therefore denies same.

24.     Defendant denies any wrongdoing or any illegal act.  Defendant is without knowledge or information sufficient to form a belief about the remaining averments of Plaintiffs' Paragraph 24, and therefore denies same.

25.     Defendant is without knowledge or information sufficient to form a belief about the averments of Plaintiffs' Paragraph 25, and therefore denies same.

26.     Defendant is without knowledge or information sufficient to form a belief about the averments of Plaintiffs' Paragraph 26, and therefore denies same.

27.     Defendant admits having a meeting with Plaintiffs Chavers and Portzer.  At this time, Defendant is without knowledge or information sufficient to form a belief about, the remaining averments of Plaintiffs' Paragraph 27, and therefore denies same.

28.     At this time, Defendant is without knowledge or information sufficient to form a belief about the first sentence of Plaintiffs' Paragraph 28, and therefore denies same.  Defendant denies the second sentence of Plaintiffs' Paragraph 28.  At this time, Defendant is without knowledge or information sufficient to form a belief about the remaining averments of Plaintiffs' Paragraph 28, and therefore denies same

29.     Defendant denies the first sentence of Plaintiffs' Paragraph 29.   At this time, Defendant is without knowledge or information sufficient to form a belief about the remaining averments of Plaintiffs' Paragraph 29, and therefore denies same.

30.     Defendant denies, or is without knowledge or information sufficient to form a belief about the averments of Plaintiffs' Paragraph 30, and therefore denies same.

31.     Defendant is without knowledge or information sufficient to form a belief about the averments of Plaintiffs' Paragraph 31, and therefore denies same.

32.     Defendant is without knowledge or information sufficient to form a belief about the averments of Plaintiffs' Paragraph 32, and therefore denies same.

33.     Defendant is without knowledge or information sufficient to form a belief about the averments of Plaintiffs' Paragraph 33, and therefore denies same.

34.     Defendant admits the portion of the first sentence of Plaintiffs' Paragraph 34 which refers to the City of Bryan's and College Station's ordinances pertaining to tow trucks. Defendant denies the remaining averments of Plaintiffs' Paragraph 34.

35.     Defendant admits he has not returned *Brazos Valley Roadrunners*, *All American Roadrunners*, and *Roadrunners* to the Bryan rotation list.  Defendant denies Plaintiffs Thomas Chavers or Sandra Portzer were ever placed on any rotation list.  Defendant denies the remaining averments of Plaintiffs' Paragraph 35.

### Claims
*Count One: 42 U.S.C. § 1983*

36.     Defendant repeats and re-urges its answers made in all preceding paragraphs.

37.     Defendant denies the averments of Plaintiffs' Paragraph 37.

38.     Defendant denies the averments of Plaintiffs' Paragraph 38.

39.     Defendant denies the averments of Plaintiffs' Paragraph 39.

*Count Two:  18 U.S.C. § 1964 (Racketeering)*

40.     Defendant repeats and re-urges its answers made in all preceding paragraphs.

41.     Defendant denies the averments of Plaintiffs' Paragraph 41.

42.     Defendant denies the averments of Plaintiffs' Paragraph 42.

43.     Defendant denies the averments of Plaintiffs' Paragraph 43.

44.     Defendant denies the averments of Plaintiffs' Paragraph 44.

*Count Three: Libel*

45.     Defendant repeats and re-urges its answers made in all preceding paragraphs.

46.     Defendant denies the averments of Plaintiffs' Paragraph 46.

*Count Four: Business Disparagement*

47.     Defendant repeats and re-urges its answers made in all preceding paragraphs.

48.     Defendant denies the averments of Plaintiffs' Paragraph 48.

*Count Five:  Civil Conspiracy*

49.     Defendant repeats and re-urges its answers made in all preceding paragraphs.

50.     Defendant denies the averments of Plaintiffs' Paragraph 50.

*Count Six: Abuse of Process*

51.     Defendant repeats and re-urges its answers made in all preceding paragraphs.

52.     Defendant denies the averments of Plaintiffs' Paragraph 52.

*Count Seven: Declaratory Judgment*

53.     Defendant repeats and re-urges its answers made in all preceding paragraphs.

54.     Defendant denies the averments of Plaintiffs' Paragraph 54 and denies Plaintiffs are entitled to any relief.

*Count Eight: Equitable Relief*

55.     Defendant repeats and re-urges its answers made in all preceding paragraphs.

56.     Defendant denies the averments of Plaintiffs' Paragraph 56 and denies Plaintiffs are entitled to any relief.

57.     Defendant denies the averments of Plaintiffs' Paragraph 57 and denies Plaintiffs are entitled to any relief.

58.     Defendant denies the averments of Plaintiffs' Paragraph 58 and denies Plaintiffs are entitled to any relief.

*Prayer for Relief*

59.     Defendant denies the averments of Plaintiffs' portion of their pleading identified as *Prayer for Relief* and containing subsections (a)-(f), and denies Plaintiffs are entitled to any relief.

## II.  AFFIRMATIVE DEFENSES

60.     Defendant asserts his official and qualified, and any other applicable, federal or state, immunities.  To the extent applicable, Defendants assert all available immunities derivatively.  Defendant contends his immunities provide immunity from both suit and liability or damages.

61.     Answering further, if necessary, Defendant contends Plaintiffs failed to mitigate their damages, if any.

62.     Answering further, if necessary, Defendant asserts that Plaintiffs lack standing and/or capacity with respect to some or all of the claims or causes of action alleged by Plaintiffs.

63.     Answering further, if necessary, Defendant asserts that Plaintiffs suffered no violation of any rights.

64.     Defendant asserts the provisions of the Texas. Tort Claims Act (specifically, Tex. Civ. Prac. & Rem. Code § 101.106) and contends such provisions bar some or all of Plaintiffs' claims.

65.     Answering further, if necessary, Defendant invokes all statutory and common law damage caps with respect to Plaintiffs' alleged damages.

66.     Answering further, if necessary, Defendant denies any entitlement to injunctive relief.

67.     Answering further, if necessary, Defendant would show that all alleged acts or omissions that are subject to this lawsuit were made in good faith and were objectively reasonable.

68.     Answering further, if necessary, Defendant would show that Plaintiffs' have no procedural due process rights in this case.  Defendant denies Plaintiffs were deprived of any constitutional right.

69.     Answering further, if necessary, Defendant would show that at all relevant times, Defendant was engaged in discretionary functions and actions that did not violate clearly established statutory or constitutional rights of which a reasonable official would have known.

70.     Answering further, if necessary, Defendant denies any violation of any law or provision.

71.     Answering further, if necessary Defendant asserts that Plaintiffs' claims for damages are too speculative to form a basis for recovery.

72.     Answering further, if necessary, Defendant denies that any actions were committed with malice, recklessness, or deliberate indifference to Plaintiffs' constitutional rights, and therefore denies that Plaintiff is entitled to punitive or exemplary damages.

73.     Answering further, if necessary, Defendant contends Plaintiffs cannot perform what Plaintiffs seek in that Plaintiffs are in violation of law.  As an illegal act, public policy prevents the recovery of what Plaintiffs seek.

### III.  REQUEST FOR RULE 7(a) REPLY

74.     As noted above, Defendant asserts his qualified immunity.  Plaintiffs judicially admit Defendant was acting as the Chief of Police for the City of Bryan, Texas at all times

relevant to this suit.  Chief Morrow's qualified immunity serves as an immunity from liability and suit.  "The qualified-immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir.1996) (citing *Mitchell v. Forsyth,* 472 U.S. 511, 525–26 (1985)).  In fact, Plaintiffs must meet their burden of pleading a claim within Chief Morrow's qualified immunity before they properly invoke this Honorable Court's jurisdiction.  Accordingly, <u>all matters</u> should be stayed until such time as Plaintiffs meet <u>*their*</u> pleading and proof burdens to overcome Chief Morrow's qualified immunity defense.

75.    "[S]ubjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from governmental disruption which official immunity is purposed to afford."  *Elliott v. Perez,* 751 F.2d 1472, 1478 (5th Cir.1985).  Thus, "allowing any but perhaps the most preliminary proceedings on the immunity-barred claim runs squarely counter to the doctrine's basic protective purpose: that officials be free to exercise their duties and functions without fear of having their attentions distracted by the subsequent claims of unhappy or unsuccessful litigants." *Id.*

76.    In *Schultea v. Wood,* 47 F.3d 1427, 1432 (5th Cir.1995) (en banc), an en banc Fifth Circuit considered in detail the interworkings of pleading, the discovery process and public officials' assertion of the qualified-immunity defense, the Fifth Circuit confirmed again that qualified immunity places limits upon plaintiffs' access to the discovery process and imposes pleading requirements stemming from FED. R. CIV. P. 7(a).  The *Schultea* court held that when a plaintiff asserts a Section 1983 claim against a public official who asserts qualified immunity:

> the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity. *Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist. The district court may*

> *ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery* unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. *Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.*

*Schultea,* 47 F.3d at 1433–34 (emphasis added).

77.     Pursuant to Fed. R. Civ. P. 7(a), Chief Morrow requests the Court to order Plaintiff to replead to address Chief Morrow's qualified immunity defense.  This Honorable Court has already ordered Plaintiff to amend his pleading by January 30, 2009 and Plaintiff can easily amend his pleadings to address Chief Morrow's immunity at that time.  Plaintiffs should be ordered to specifically outline Chief Morrow's alleged actions in light of the qualified immunity defense.  Plaintiffs must meet their pleading burden to show that *no* reasonable officer, faced with the circumstances as Chief Morrow was faced, *could* have taken the same action as that complained of by Plaintiffs.  *See Saucier v. Katz*, 531 U.S. 991, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) and *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).  If Plaintiffs cannot meet their pleading burden, Plaintiffs claims against Chief Morrow, in their entirety, must be dismissed as a matter of law.

## IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Bryan Chief of Police Tyrone Morrow prays the Court Order Plaintiffs to amend their pleading under Fed. R. Civ. P. 7(a) to re-plead and to meet their pleading burden of addressing Chief Morrow's qualified immunity defense. Chief Morrow also prays the Court enter judgment that Plaintiffs take nothing; dismiss Plaintiffs' claims, in their entirety, with prejudice; assess costs against Plaintiffs, and award Defendant all other relief to which he may show himself entitled.

Respectfully submitted,

**MARTIN, DISIERE, JEFFERSON
& WISDOM, L.L.P.**

BY:    *S/ Kevin M. Curley*
        **WILLIAM W. KRUEGER, III**
        State Bar No. 11740530
        **KEVIN M. CURLEY**
        State Bar No. 24047314
        900 Jackson Street, Suite 710
        Dallas, Texas 75202
        (214) 420-5500 (office)
        (214) 420-5501 (telecopier)
        **ATTORNEYS FOR DEFENDANT
        CHIEF TYRONE MORROW**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been served to all counsel of record by first class mail and ECF filing on this the 16th day of January, 2009.

*S/ Kevin M. Curley*
**KEVIN M. CURLEY**