IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS CHAVERS, SANDRA PORTZER, | § | |
| BRAZOS VALLEY CARRIAGE COMPANY, | § | |
| L.P., ALL AMERICAN ROADRUNNERS, L.P., | § | |
| and BRAZOS VALLEY ROADRUNNERS, L.P., | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Case No. 08-cv-3286 |
| | § | |
| TYRONE MORROW, MICHAEL IKNER, | § | |
| THE CITY OF BRYAN, TEXAS, | § | |
| THE CITY OF COLLEGE STATION, TEXAS, | § | |
| BRAZOS COUNTY, TEXAS, | § | |
| CHRISTOPHER KIRK, GLENN BROWN, | § | |
| DAVID WATKINS, SCOTT HINES, | § | |
| KARLA WIESEPAPE, RACHEL FALWELL, | § | |
| WALTER SAYERS, and PETER GLIDEWELL, | § | |
| Defendants. | § | |

**DEFENDANTS THE CITY OF COLLEGE STATION, OFFICER MICHAEL IKNER,
OFFICER KARLA WIESEPAPE, OFFICER RACHEL FALWELL,
FORMER OFFICER WALTER SAYERS, AND CITY MANAGER GLENN BROWN'S
MOTION FOR A MORE DEFINITE STATEMENT AND RULE 7(A) REPLY
AND MOTION FOR PROTECTION FROM DISCOVERY**

DANIEL F. SHANK
Texas State Bar No.18090400
3 E. Greenway Plaza, Suite 2000
Houston, TX 77046
(713) 651-0111 Telephone
(713) 651-0220 Telecopier

ATTORNEY-IN-CHARGE FOR
DEFENDANTS CITY OF COLLEGE
STATION, FORMER CHIEF MICHAEL
IKNER, GLENN BROWN, KARLA
WIESEPAPE, RACHEL FALWELL AND
WALTER SAYERS

# TABLE OF CONTENTS

I.   Introduction ............................................................................................................. 1

    A.  The Fifth Circuit Has Issued a Judgment Rejecting Plaintiffs' Claim that the
        Towing Ordinance Maintained by CoCS Creates a Property Interest Entitlement ......... 2

II.  Argument and Citations to Authority ..................................................................... 3

    A.  Standards ........................................................................................................... 3

        1.  Rule 8(a)(2) Pleadings Standard. ................................................................ 3

        2.  Where a Plaintiff's Pleadings Fail to Satisfy Rule 8(a)(2) a Defendant May
            Move For a More Definite Statement under Rule 12(e). ............................. 5

        3.  A Plaintiff May Be Required to File a Rule 7(a) Reply Where His or Her
            Pleadings Fail to Adequately Engage the Qualified Immunity Defense. ................. 5

    B.  Plaintiffs' Causes of Action Are Deficient on the Face of the Pleadings ...................... 7

        1.  Plaintiffs Have Failed to Adequately Plead a Racketeering Claim Against
            Defendants ....................................................................................................... 7

        2.  Plaintiffs Have Failed to Adequately Plead a Retaliation Claim Against
            Defendants ....................................................................................................... 9

        3.  Plaintiffs Have Failed to Adequately Plead a Due Process Claim Against
            Defendants. .................................................................................................... 10

        4.  Plaintiffs Have Failed to Adequately Plead an Equal Protection Claim Against
            Defendants. .................................................................................................... 13

        5.  Plaintiffs Have Failed to Adequately Plead a Civil Conspiracy Claim Against
            Defendants. .................................................................................................... 15

        6.  Plaintiffs Have Not Adequately Pled Business Disparagement. ............................ 15

        7.  Plaintiffs Have Not Adequately Pled a Policy or Custom Attributable to CoCS. .... 16

    C.  Plaintiffs Have Failed to Plead Whether They Are Suing the Individual Defendants
        in Their Individual Or Official Capacities. .................................................................. 18

III. Conclusion. ......................................................................................................... 19

MOTION FOR PROTECTION FROM DISCOVERY

    1.  Fifth Circuit Precedent Routinely Disallows Discovery
        Pending Resolution of Immunity Defense .............................................. 20

    2.  Discovery Should be Precluded Until an Official's
        Qualified Immunity is Determined ........................................................ 21

    3.  Defendants' Motion for Protection Should be Granted Until
        Such a Time as All Immunity Issues Have Been Resolved ...................... 23

## <u>TABLE OF AUTHORITIES</u>

### FEDERAL CASES

*Allstate Insurance Co. v. Receivable Finance Co., L.L.C.*, 501 F.3d 398 (5th Cir. 2007) .................................. 8

*Anderson v. Creighton*, 483 U.S. 635 (1987) .......................................................................................... 5, 6

*Anderson v. Foundation for Advancement, Education and Employment of American Indians*, 155 F.3d 500 (4th Cir. 1998) ............................................................................................................................ 7

*Anderson v. Pasadena Independent Sch. District*, 184 F.3d 439 (5th Cir. 1999) ................................. 6

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ........................................................................................... 3, 4

*Ashe v. Corley*, 992 F.2d 540 (5th Cir. 1993) ......................................................................................... 8

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) ......................................................................................... 7

*Beck v. Texas State Board of Dental Examiners*, 204 F.3d 629 (5th Cir. 2000) ..................................... 9

*Behrens v. Pelletier*, 516 U.S. 299 (1996) .............................................................................................. 5

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ................................................................. 3, 4, 9

*Bennett v. City of Slidell*, 728 F.2d 762 (5th Cir. 1984) .................................................................. 17, 18

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995) ............................................................... 11

*Board of Regents v. Roth*, 408 U.S. 564 (1972) ................................................................................... 11

*Bolen v. Dengel*, 2004 WL. 2095440 (E.D. La 2004) .......................................................................... 21

*Bradley v. Phillips Petroleum Co.*, 527 F.Supp.2d 625 (S.D. Tex. 2007) ............................................. 4

*Brown v. Whitcraft*, 2008 WL. 2066929 (N.D. Tex. 2008) .................................................................. 5

*Bryant v. Orndorff*, 2005 WL. 139115 (N.D. Tex. 2005 ) .................................................................. 21

*Cesnik v. Edgewood Baptist Church*, 88 F.3d 902 (11th Cir. 1996) ...................................................... 8

*Chapman v. Dallas County Community College District*, 2006 WL. 3442057 (N.D. Tex. 2006) ..................... 5

*City of Canton v. Harris*, 489 U.S. 378 (1989) .................................................................................. 16

*City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432 (1985) ............................................... 13

*Connick v. Myers*, 461 U.S. 138 (1983) ............................................................................................. 10

*Crowe v. Lucas*, 595 F.2d 985 (5th Cir. 1979) ................................................................................... 15

*Cuvillier v. Taylor*, 503 F.3d 397 (5th Cir. 2007) ............................................................................... 4

*Dammon v. Folse*, 846 F. Supp. 36 (E.D. La. 1994) ............................................................. 8

*Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241 (5th Cir. 1988) ........................... 7

*Derda v. Brighton Colo.*, 53 F.3d 1162 (10th Cir. 1995) .......................................................... 12

*Dickerson v. City of Denton*, 298 F. Supp. 2d 537 (E.D. Tex. 2004) .......................... 8, 23

*Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985) .......................................................... 20, 22

*Foley v. University of Houston System*, 355 F.3d 333 (5th Cir. 2003) ........................ 9, 10

*Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994) .............................................. 5

*Fraire v. Arlington*, 957 F.2d 1268 (5th Cir. 1992) ............................................... 17, 18

*Frank v. Kennedy*, 2006 WL. 3843607 (S.D. Tex. 2006) .................................................. 21

*Gant v. Police Department of Morgan City*, 2008 WL. 466166 (W.D. La. 2008) ................ 18, 19

*Gonzalez v. Ysleta Independent Sch. District*, 996 F.2d 745 (5th Cir. 1993) ..................... 16

*Hale v. Townley*, 45 F.3d 914 (5th Cir. 1995) .......................................................... 15

*Halperin v. Kissinger*, 606 F.2d 1192 (D.C. Cir. 1979) .................................................. 20

*Harlow v. Fitzgerald*, 457 U.S. 818 (1986) ......................................................... 20, 21, 23

*Henderson v. Sotelo*, 761 F.2d 1093 (5th Cir. 1985) ........................................................ 12

*Holloway v. Town of Simmesport*, 2009 WL. 512164 (W.D. La. 2009) .............................. 6

*Johnson v. Johnson*, 2006 WL. 846372 (S.D. Tex. March 28, 2006) ................................. 21

*Jones v. City of Grand Prairie*, 1998 WL. 119532 (N.D. Tex. 1998) ................................. 21

*Kerr v. Lyford*, 171 F.3d 330 (5th Cir. 1999) ............................................................. 15

*Languirand v. Hayden*, 717 F.2d 220 (5th Cir. 1983) ....................................................... 17

*Larsen v. City of Beloit*, 130 F.3d 1278 (7th Cir. 1997) .................................................. 11

*LeClerc v. Webb*, 2003 WL. 21027609 (E.D. La 2003) ...................................................... 21

*Lion Boulos v. Wilson*, 834 F.2d 504 (5th Cir. 1987) ..................................................... 22, 23

*Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S. Ct. 1148 (1982) ............................ 11

*Mackenzie v. Rockledge*, 920 F.2d 1554 (11th Cir. 1991) ................................................. 13

*Malley v. Briggs*, 475 U.S. 335 (1986) ......................................................................... 7

*McCall v. Peters*, 108 Fed.Appx. 862, 2004 WL. 1842567 (5th Cir. 2004) ................................. 15

*McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002) ........................................... 7

*Mississippi Band of Choctaw Indians v. State of Miss.*, 1991 WL. 255614 (S.D. Miss. 1991) ......................... 21

*Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126 (5th Cir. 1959) ....................................... 5

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ................................................ 5, 20, 21, 22

*Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) ............................ 16, 17, 18

*Moyer v. City of Alamosa*, 281 Fed.Appx. 832, 834 (10th Cir. 2008) ................................ 4

*Mt. Healthy City Sch. District Board of Education v. Doyle*, 429 U.S. 274 (1977) ........................... 9

*O'Dwyer v. Nelson*, 310 Fed.Appx. 741, 746 (5th Cir. 2009) ............................................ 6

*O'Hare Truck Serv., Inc.*, 518 U.S. 712 (1996) .......................................................... 13

*Office Outfitters, Inc. v. A.B. Dick Co., Inc.*, 83 F. Supp. 2d 772 (E.D. Tex. 2000) ................................ 7, 8

*Okoye v. University of Tex. Housing Health Sci. Ctr.*, 245 F.3d 507 (5th Cir. 2001) ........................... 14

*Pierce v. Texas Department of Criminal Justice, Institutional Division*, 37 F.3d 1146 (5th Cir. 1994) ............... 9

*Pineda v. City of Houston*, 291 F.3d 325 (5th Cir. 2002) ................................................ 16, 17, 18

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001), *cert. denied*, 534 U.S. 820 (2001) ............. 17, 18

*Resolution Trust Corp. v. Stone*, 998 F.2d 1534 (10th Cir. 1993) ........................................ 8

*Reyes v. Sazaw*, 168 F.3d 158 (5th Cir. 1999) ......................................................... 6

*Ridgely v. FEMA*, 512 F.3d 727 (5th Cir. 2008) ......................................................... 12

*Salas v. Carpenter*, 980 F.2d 299 (5th Cir. 1992) ...................................................... 6

*Schultea v. Wood*, 27 F.3d 1112 (5th Cir. 1994) ....................................................... 6

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) .................................................. 6, 19, 22, 23

*Smith v. Wal-Mart Stores (No. 471)*, 891 F.2d 1177 (5th Cir. 1990) ...................................... 13

*Snyder v. Trepagnier*, 142 F.3d 791 (5th Cir. 1998) .................................................. 16, 17, 18

*Sobley v. Southern Natural Gas Co.*, 302 F.3d 325 (5th Cir. 2002) ....................................... 11

*Sonnier v. State Farm Mutual Automobile Insurance Co.*, 509 F.3d 673 (5th Cir. 2007) ........................ 4

*Stokes v. Bullins*, 844 F.2d 269 (5th Cir. 1988) ...................................................... 17

*Sutton v. United States*, 819 F.2d 1289 (5th Cir. 1987) ............................................................ 21

*Terrell v. University of Texas System Police*, 792 F.2d 1360 (5th Cir. 1986)............................ 10

*Texas v. Caremark, Inc.*, 584 F.3d 655 (5th Cir. 2009) .......................................................... 23

*Turner v. Houma Municipal Fire & Police Civ. Serv. Board*, 229 F.3d 478 (5th Cir. 2000)............................ 19

*United States v. Becerra*, 155 F.3d 740 (5th Cir. 1998) .......................................................... 11

*United States v. Castillo*, 179 F.3d 321 (5th Cir. 1999)......................................................11, 12

*U.S. v. Guardado-Mezen*, 2009 WL. 2215178 (S.D. Tex. 2009) ................................................ 4

*United States v. Lee*, 358 F.3d 315 (5th Cir. 2004) ............................................................... 11

*United States v. Matthews*, 312 F.3d 652 (5th Cir. 2002) ..................................................... 11

*Vander Zee v. Reno*, 73 F.3d 1365 (5th Cir. 1996)............................................................20, 22

*Wallace v. Methodist Hospital System*, 271 F.3d 212 (5th Cir. 2001) ...............................13, 14

*Warnock v. Pecos County*, 116 F.3d 776 (5th Cir. 1997).......................................................... 7

*White Plains Towing Corp. v. Patterson*, 991 F.2d 1049 (2nd Cir. 1993) ............................... 13

*Wicks v. Mississippi State Employment Serv.*, 41 F.3d 991 (5th Cir. 1995) .......................... 23

*Williamson v. United States  Department of Agriculture*, 815 F.2d 368 (5th Cir. 1987) ................. 20

*Willowbrook v. Olech*, 528 U.S. 562 (2000)............................................................................ 13

*Wilson v. Layne*, 526 U.S. 603 (1999).................................................................................... 7

*Wyvill v. United Cos. Life Insurance Co.*, 212 F.3d 296 (5th Cir. 2000) ...............................13, 14

*Zeigler v. Jackson*, 638 F.2d 776 (5th Cir. 1981) ............................................................... 13

## STATE CASES

*Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377 (Tex. App.—Texarkana 1989, no writ) ......... 16

*Delta Air Lines, Inc. v. Norris*, 949 S.W.2d 422 (Tex. App.—Waco 1997, pet. denied)........................ 15

*In re FirstMerit Bank, N.A.*, 52 S.W.3d 749 (Tex. 2001) ....................................................... 8

*Harvest House Publ'rs v. Local Church*, 190 S.W.3d 204 (Tex. App.—Houston [1st Dist.] 2006,
    pet. denied) .................................................................................................................. 16

*Janssen Pharmaceutica, Inc. v. Martinez*, 296 S.W.3d 634 (Tex. App.—El Paso Feb.19, 2009, no
    pet.) ............................................................................................................................ 14

*Prudential Insurance Co. v. Financial Review Services, Inc.*, 29 S.W.3d 74 (Tex. 2000).................................. 15

## FEDERAL STATUTES

42 U.S.C. § 1983 ......................................................................................................................... 1

18 U.S.C. § 1961(1)...................................................................................................................... 7

18 U.S.C. § 1961(5)...................................................................................................................7, 8

18 U.S.C. § 1964 ......................................................................................................................... 1

Fed. R. Civ. P. 7(a) ..................................................................................................................... 6

Fed. R. Civ. P. 8(a)(2)...............................................................................................................3, 4, 5

Fed. R. Civ. P. 9 ........................................................................................................................... 8

Fed. R. Civ. P. 9(b) ..................................................................................................................... 8

Fed. R. Civ. P. 12(e) ..............................................................................................................1, 5, 24

**TO THE HONORABLE JUDGE KENNETH M. HOYT:**

COME NOW, Defendants The City of College Station ("CoCS"), former Police Chief Michael Ikner ("Ikner"), City Manager Glenn Brown ("Brown"), Officer Karla Wiesepape ("Wiesepape"), Officer Rachel Falwell ("Falwell"), and former Officer Walter Sayers ("Sayers") (collectively the "College Station Defendants" or "Defendants") and file this their Motion for a More Definite Statement under FED. R. CIV. P. 12(e) and Rule 7(a) Reply and Motion for Protection. In support, Defendants would respectfully show unto this Honorable Court the following:

**I.      Introduction.**

This is a civil rights action filed by Plaintiffs in the above-mentioned matter. On November 5, 2008, Thomas Chavers, Sandra Portzer, Brazos Valley Carriage Company, L.P., All American Roadrunners, L.P., and Brazos Valley Roadrunners, L.P. (collectively "Plaintiffs") originally filed this suit based on the removal of three tow truck companies from the non-consent tow lists maintained by the cities of Bryan, Texas and College Station, Texas. On February 11, 2009, Plaintiffs filed a Second Amended Complaint (hereinafter "Amended Complaint") adding Defendants Wiesepape, Falwell, Brown and Sayers. (*See* Civil Docket # 57).

Plaintiffs assert a laundry list of state and federal claims against all Defendants in this case, including the City of Bryan, Chief Morrow, Brazos County, Texas, and these Defendants. Against Defendants CoCS, Ikner, Wiesepape, Falwell, and Brown, Plaintiffs have alleged a violation of 42 U.S.C. § 1983 claiming that these Defendants retaliated against them for exercising their free speech rights. (Amended Compl. ¶¶ 51, 52). Against Defendants CoCS, Ikner, and Brown, Plaintiffs have alleged 42 U.S.C. § 1983 violations of their Fourteenth Amendment rights to Equal Protection and Due Process. (Amended Compl. ¶ 53). Against CoCS, Ikner, Wiesepape, Falwell, and Sayers, Plaintiffs have alleged a racketeering claim under 18 U.S.C. § 1964. (Amended Compl. ¶¶ 56-59). Plaintiffs have also alleged civil conspiracy against Defendants Ikner, Brown, Wiesepape, Falwell and Sayers (together the "Individual Defendants") claiming that such Defendants "conspired with one

or more other Defendants or other parties to unlawfully inflict harm on the Plaintiffs." (Amended Compl. ¶ 65). Lastly, Plaintiffs have alleged that former Chief Ikner engaged in Business Disparagement. (Amended Compl. ¶ 63).

Defendants collectively filed their Amended Answer on March 03, 2009. (*See* Docket, Document #73). In their Amended Answer to Plaintiffs' First Amended Complaint, Defendants pled the defense of qualified immunity. (Defs' Amended Answer p. 12, ¶ 2). Accordingly, the Individual Defendants maintain that the doctrine of qualified immunity shields them from any and all liability in this matter as they were performing discretionary functions that did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants likewise pled that Plaintiffs' claims are barred because CoCS has no official custom, practice, procedure or policy, either formal or informal, that resulted in any injuries or harms alleged to have been suffered by Plaintiffs. (Defs' Amended Answer p. 12, ¶ 1). Therefore, Defendants maintain that there is no basis by which liability can attach to CoCS for the alleged harms and injuries suffered by Plaintiffs.

## A.  The Fifth Circuit Has Issued a Judgment Rejecting Plaintiffs' Claim that the Towing Ordinance Maintained by CoCS Creates a Property Interest Entitlement.

Prior to filing their Amended Compliant, Plaintiffs filed a Motion for Temporary Restraining Order on November 6, 2009, and a Renewed Motion for Temporary Restraining Order on November 12, 2009. (*See* Civil Docket #2 and #12). In such Motions, Plaintiffs predicated their right to injunctive relief on their allegation that they had a property interest entitlement to remaining on the list by virtue of the towing ordinances maintained by CoCS and the City of Bryan. (*See* Ps' Motion for Temporary Restraining Order, pp. 1-3; Renewed Motion for Temporary Restraining Order, p. 2). This Court entered an Order on December 4, 2008, denying Plaintiffs' Motion for Temporary Restraining Order on the basis that Plaintiffs had failed to demonstrate a likelihood of success on the merits as the towing ordinances maintained by CoCS and the City of Bryan did not

give rise to a property interest. (*See* Order Denying Plaintiffs' Motion for Temporary Restraining Order, p. 5). After this Court denied Plaintiffs' Motion for Reconsideration, the Plaintiffs filed a Notice of Appeal to the Fifth Circuit. (*See* Civil Docket # 34). On December 9, 2009, the Fifth Circuit issued an opinion affirming this Court's order denying Plaintiffs' Motion for Temporary Restraining Order on the grounds that the towing ordinances maintained by CoCS and the City of Bryan did not engender a property interest entitlement. (*See* Fifth Circuit Opinion, p. 7). On February 2, 2010, the Judgment rendered by the Fifth Circuit was issued as a mandate to this Court. (*See* Civil Docket # 76).

As the ensuing analysis demonstrates, the factual allegations contained in Plaintiffs' Amended Compliant do not state causes of action against Defendants. Furthermore, Plaintiffs have failed to plead facts with particularity that would defeat the immunity defenses raised by Defendants or survive this Court's Order, and the Fifth Circuit mandate, rejecting a property interest entitlement arising from the towing ordinance maintained by CoCS. Accordingly, Defendants move this Court to direct Plaintiffs to file a More Definite Statement and a Rule 7(a) Reply which adequately engages the immunity defenses raised by Plaintiffs. Defendants further move this Court to issue an order protecting Defendants from discovery until such time as the immunity defenses invoked by Defendants have been resolved.

## II.    Argument and Citations to Authority.

## A.    Standards.

### 1.    Rule 8(a)(2) Pleadings Standard.

The United States Supreme Court has recently affirmed that complaints in all civil cases must contain particularized and specific pleadings and state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50, 1953 (2009); *see also Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). Accordingly, there can be no doubt that the *Iqbal* and *Twombly* pleadings standard would govern Plaintiffs' Amended Compliant.

With this in mind, the *Iqbal* and *Twombly* opinions make clear that Rule 8(a)(2) is not a mere superfluous extension of the federal pleadings rules.  Rather, the Rule imposes specific pleading burdens on a plaintiff which must be observed if he or she is to properly raise a constitutional issue before the Court.  *Twombly*, 127 S.Ct. at 1964-65; *Iqbal*, 129 S.Ct. at 1949; *see also U.S. v. Guardado-Mezen*, 2009 WL 2215178, *3 (S.D. Tex. 2009) (even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.").  In order to comply with Rule 8(a)(2), the plaintiff's grounds for relief must include sufficient factual allegations that, when assumed to be true, raise a right to relief above the speculative level.  *Moyer v. City of Alamosa*, 281 Fed.Appx. 832, 834 (10th Cir. 2008).  "Rule 8(a)(2)...requires a showing, rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests."  *Bradley v. Phillips Petroleum Co.*, 527 F.Supp.2d 625, 636 (S.D. Tex. 2007) (*quoting Twombly*, 127 S.Ct. at 1964-65).

Thus, Rule 8(a)(2) requires that plaintiffs draft pleadings containing "more than labels and conclusions" and a "formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1964-65) (footnote omitted); *see also Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965).  A complaint which merely propounds "naked assertion[s]" devoid of "further factual enhancement" does not fulfill the Rule 8(a)(2) pleading requirements.  *Id.*

2.      **Where a Plaintiff's Pleadings Fail to Satisfy Rule 8(a)(2) a Defendant May Move For a More Definite Statement under Rule 12(e).**

A party is entitled to a more definite statement when a portion of the pleadings to which a responsive pleading is allowed "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. PROC. 12(e). "Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court." *Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 130 (5th Cir. 1959). "When a party moves for a more definite statement under Rule 12(e), the court is granted discretion to determine whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive pleading." *Chapman v. Dallas County Cmty. Coll. Dist.,* 2006 WL 3442057, at *4 (N.D. Tex. 2006). Parties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading. *Brown v. Whitcraft,* 2008 WL 2066929, *2 (N.D. Tex. 2008). Further, "the form and sufficiency of a statement of a claim for relief under Rule 8(a)(2) may be tested ... by a motion for a more definite statement." *Id.*

3.      **A Plaintiff May Be Required to File a Rule 7(a) Reply Where His or Her Pleadings Fail to Adequately Engage the Qualified Immunity Defense.**

Qualified immunity is "an entitlement not to stand trial or to face the other burdens of litigation." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Determination of the defense is a matter for the Court even where there exist factual determinations regarding the reasonableness of conduct. *Behrens v. Pelletier,* 516 U.S. 299, 313 (1996). Abrogation of qualified immunity is the exception rather than the rule, and the burden is on the plaintiff to overcome the qualified immunity defense. *See Foster v. City of Lake Jackson,* 28 F.3d 425, 428 (5th Cir. 1994).

Under the qualified immunity doctrine, public officials sued in their individual capacities are shielded from suit unless their conduct violated "clearly established statutory or constitutional rights of which a reasonable person should have known." *See Anderson v. Creighton,* 483 U.S. 635, 638 (1987). For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 640.

While the very action in question need not have been previously held unlawful, in light of pre-existing law, the unlawfulness must be apparent. *Id.*

To determine if qualified immunity applies, the court employs a shifting burden of proof under which, once qualified immunity is asserted, the plaintiff must allege with detail and particularity clear constitutional violations in order to overcome the defense. *Salas v. Carpenter*, 980 F.2d 299, 305-06 (5th Cir. 1992). Although a plaintiff need not anticipate a claim of qualified immunity in its original pleading, when a public official invokes this defense, the court may well insist on additional pleadings in response. *See Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) *(en banc)*.

The Fifth Circuit has crafted a tripartite pleading system for this burden-shifting through utilization of Federal Rule of Civil Procedure 7(a). *Schultea*, 47 F.3d at 1430-35 (explaining pleading procedure and use of the 7(a) Reply in qualified immunity cases). First, the complaint must contain factual particularity and detail. *Schultea v. Wood*, 27 F.3d 1112, 1116 (5th Cir. 1994). Next, the defendant must assert qualified immunity in its Answer. *Schultea*, 47 F.3d at 1430-35. Finally, upon the defendant's motion or *sua sponte*, the court may require the plaintiff to file a Rule 7(a) Reply, which "must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Schultea*, 47 F.3d at 1433.

Under this heightened pleading standard, the plaintiff must plead "with factual detail and particularity, not mere conclusory allegations." *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999); *O'Dwyer v. Nelson*, 310 Fed.Appx. 741, 746 (5th Cir. 2009). Heightened pleading in the qualified immunity context requires allegations of fact focusing specifically on the conduct of the individual who allegedly caused the plaintiff's injury. *Reyes v. Sazaw*, 168 F.3d 158 (5th Cir. 1999), citing *Schultea*, 47 F.3d at 1430; *Holloway v. Town of Simmesport*, 2009 WL 512164, *1 (W.D. La. 2009). The burden of proving clear establishment of constitutional rights cannot be carried by stating such rights in general terms. *Anderson v. Creighton*, 483 U.S. at 638. A plaintiff must proffer specific

allegations which demonstrate clear establishment at the time of the alleged violation. *Wilson v. Layne*, 526 U.S. 603, 614-15 (1999). Further, the plaintiff must submit specific allegations showing that the violation was objectively unreasonable. *Malley v. Briggs*, 475 U.S. 335, 341-343 (1986). In other words, a Rule 7(a) Reply must include detailed facts defeating the plea of qualified immunity. *Warnock v. Pecos County*, 116 F.3d 776, 779 (5th Cir. 1997); *see also Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). If a plaintiff fails to satisfy this burden, the defendant-official will not be obligated to defend against the allegations asserted against him or her. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). Moreover, the plaintiff must satisfy this pleadings burden without the benefit of discovery or, at best, limited discovery. *Id.*

**B.     Plaintiffs' Causes of Action Are Deficient on the Face of the Pleadings.**

**1.     Plaintiffs Have Failed to Adequately Plead a Racketeering Claim Against Defendants.**

Reduced to its three essentials, a civil Racketeer Influenced and Corrupt Organizations Act (RICO) action must involve: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988). As a *prima facie* matter, a plaintiff alleging a RICO violation must identify with particularity predicate acts which qualify as 'racketeering' under 18 U.S.C. § 1961(1). *Id.; see also Office Outfitters, Inc. v. A.B. Dick Co., Inc.*, 83 F.Supp.2d 772, 776 (E.D. Tex. 2000). Secondly, to adequately plead a "pattern of racketeering activity" a plaintiff must at the very least allege "at least two acts of racketeering." 18 U.S.C. § 1961(5). However, alleging two predicate acts is not by itself sufficient to satisfy the 'pattern of racketeering activity' prong of a RICO claim. *Anderson v. Foundation for Advancement, Educ. and Employment of American Indians*, 155 F.3d 500 (4th Cir. 1998). Rather, a plaintiff must allege a continuing pattern and a relationship among the defendant's activities showing they had the same or similar purposes which amount to a continuing threat. 18 U.S.C.A. § 1961(5). Continuity of threat

requires both proof of "a series of related predicates extending over a substantial period of time," as well as a "showing that the predicates themselves involve a distinct threat of long-term racketeering activity…or that the predicates are a regular way of conducting the defendant's ongoing legitimate business or the RICO enterprise." *Resolution Trust Corp. v. Stone*, 998 F.2d 1534, 1543 (10th Cir. 1993). Therefore, the 'continuous threat' requirement is not satisfied if no more is pled than that the person has engaged in a limited number of predicate racketeering acts. *Office Outfitters, Inc.*, 83 F.Supp.2d at 776.

In view of the foregoing, Plaintiffs' racketeering claim is defective. First, the Amended Complaint fails to implicate any predicate racketeering activity whatsoever with regard to Defendants Ikner, Wiesepape, Falwell and Hines. (Amended Compl. ¶¶ 58, 59). Similarly, while Plaintiffs allege that Defendants Ikner and CoCS engaged in acts of 'cover up' and 'retaliation,' these are not included within the definition of 'racketeering activities' set forth in 18 U.S.C.A. § 1961(5). (Amended Compl. ¶¶ 58, 59). Moreover, it is well settled law that municipalities cannot be sued under RICO. *See Dickerson v. City of Denton*, 298 F.Supp.2d 537, 544 (E.D. Tex. 2004) (quoting *Dammon v. Folse*, 846 F.Supp. 36, 39 (E.D. La. 1994) and *Ashe v. Corley*, 992 F.2d 540, 544 (5th Cir. 1993)). Plaintiffs allege that Defendant Sayers engaged in wire fraud which is considered a predicate racketeering activity under § 1961(5). (Amended Compl. ¶ 57). However, Plaintiffs offer conclusory allegations that Defendant Sayers engaged in wire fraud without pleading the predicate elements and factual allegations necessary to sustain such claim. (Amended Compl. ¶¶ 26, 57). Specifically, mail or wire fraud occurs when a person (1) intentionally participates (2) in a scheme (3) to defraud another or to obtain money or property and (4) uses mails or wires in furtherance of that scheme. *See Cesnik v. Edgewood Baptist Church*, 88 F.3d 902, 906 (11th Cir. 1996), cert. denied; 519 U.S. 1110 (1997). Plaintiffs' Amended Complaint is bereft of the predicate allegations of wire fraud.[1]

---

[1] Plaintiffs' wire fraud allegation also fails to satisfy the pleading burdens established by the Federal Rules of Civil Procedure. Rule 9 of the Federal Rules of Civil Procedure requires that fraud be pled with particularity. FED. R. CIV. P.

(Amended Compl. ¶¶ 26, 57). Moreover, Plaintiffs have neglected to plead facts alleging a "pattern of racketeering activity." (Amended Compl. ¶¶ 26, 58, 59). Consequently, Plaintiffs have failed to satisfy the heightened pleading standard articulated by the United States Supreme Court and have not alleged with required specificity that the College Station Defendants engaged in acts that violated clearly established constitutional rights of which an objectively reasonable person would have known. *Twombly*, 127 S.Ct. at 1964-65; *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629 (5th Cir. 2000).

### 2. Plaintiffs Have Failed to Adequately Plead a Retaliation Claim Against Defendants.

Given the wide latitude of discretion afforded public employers, where a § 1983 plaintiff alleges First Amendment retaliation, he or she must establish a *prima facie* case as to the following elements: (1) defendants were acting under color of state law; (2) plaintiff's speech activities were protected under the First Amendment; (3) plaintiff's interest in commenting on a matter of public concern outweighed defendant's interest in promoting efficiency; and (4) plaintiff's exercise of his or her protected right was a substantial or motivating factor of a defendant's actions. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 342 (5th Cir. 2003); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Pierce v. Texas Dept. of Criminal Justice, Institutional Div.*, 37 F.3d 1146, 1149 (5th Cir. 1994).

A plaintiff claiming retaliation must, as a precondition to suit, establish that his or her speech implicated a matter of public concern and not a private, personal grievance. *Foley v. University of Houston System*, 355 F.3d 333, 342 (5th Cir. 2003). It has been recognized that "because almost

---

9(b). Actionable fraud consists of (1) a representation; (2) that is false; (3) that is material; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent it be acted on; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance; (8); the hearer's right to rely on it; and (9) injury. Failure to allege any one of the nine elements is fatal to the fraud claim. *Allstate Ins. Co. v. Receivable Finance Co., L.L.C.*, 501 F.3d 398, 406 (5th Cir. 2007) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Failure to adequately allege any of the nine elements is fatal to the fraud claim. *Id.* Plaintiffs have failed to allege any—let alone one—of the elements of fraud. (Amended Compl. ¶¶ 26, 57). Accordingly, Plaintiffs' allegation that Defendant Sayers engaged in wire fraud is deficient on its face.

anything that occurs within a public agency could be of concern to the public," it is not of great significance that an employee's speech is simply on a topic which the public might or would have a great interest. *Terrell v. Univ. of Texas Sys. Police*, 792 F.2d 1360 (5th Cir. 1986). To determine if speech implicates a matter of public concern, the Supreme Court has stated that mere perfunctory allegations are insufficient. *Connick v. Myers*, 461 U.S. 138, 147-48 (1983). Rather, the Supreme Court has mandated that the content, form, and context of a statement must be examined to make this threshold determination. *Id.* In upholding this Supreme Court mandate, the Fifth Circuit has affirmed that a plaintiff alleging retaliation must identify with particularity when his or her statement or statements were made, to whom they were made, and the content of those statements. *Foley*, 355 F.3d at 342. If a plaintiff fails to do so, they cannot show the deprivation of a clearly established First Amendment right and cannot overcome the defense of qualified immunity. *Id.*

Plaintiffs' Amended Complaint fails to plead retaliation with particularity but rather merely propounds threadbare allegations that Plaintiffs were retaliated against. (Amended Compl., ¶¶ 29, 51, 52). The Amended Complaint also wholly neglects consideration of the *Foley* and *Connick* pleading requirements as it neglects to even claim that Plaintiffs' alleged speech involved a matter of public concern. (Amended Compl., ¶¶ 29, 51, 52). Furthermore, this Court cannot, on the face of the pleadings, make a determination regarding whether Plaintiffs' alleged speech implicated a matter of public concern as Plaintiffs fail to specifically identify when such alleged statements were made, to whom they were made, whether they were oral or written, or the content of those statements. *Foley*, 355 F.3d at 342; (Amended Compl. ¶¶ 29, 51, 52). Thus, Plaintiffs' First Amendment Claim is deficient and cannot overcome the qualified immunity defense. *Foley*, 355 F.3d at 342.

### 3. Plaintiffs Have Failed to Adequately Plead a Due Process Claim Against Defendants.

In order to establish a Fourteenth Amendment procedural Due Process violation, a plaintiff must offer proof of the following two elements: (1) a deprivation of a protected property interest

and (2) an absence of due process. *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 1153-54 (1982). To demonstrate a property interest, a plaintiff "must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents v. Roth,* 408 U.S. 564 (1972). Property interests are not created by the Constitution; rather, they are created and their dimensions are defined through strict application of independent sources such as state statutes and local ordinances. *Blackburn v. City of Marshall,* 42 F.3d 925, 936-937 (5th Cir. 1995). The burden of proving the existence of a property interest rests squarely on the plaintiff. *Larsen v. City of Beloit,* 130 F.3d 1278 (7th Cir. 1997).

Plaintiffs allege that Defendant CoCS violated their Due Process rights by "creating regulatory schemes that allowed Defendants...to remove [Plaintiffs] from the rotation lists without prior notice or a hearing." (Amended Compl. ¶ 53). Plaintiffs also claim that Defendant Ikner violated their Due Process rights by removing Plaintiffs from the list without notice or a hearing. (Amended Compl. ¶ 53). However, the Fifth Circuit has issued a mandate to this Court stating that the CoCS towing ordinance here at issue does not give rise to a legally cognizable property interest. (*See* Civil Docket # 25, Memorandum and Order Denying Temporary Restraining Order and Renewed Temporary Restraining Order; and Civil Docket # 77, Fifth Circuit Opinion, p. 7). "The mandate rule requires a district court on remand to effect [the appellate court's] mandate and to do nothing else." *United States v. Castillo,* 179 F.3d 321, 329 (5th Cir. 1999) (citing *United States v. Becerra,* 155 F.3d 740, 753 (5th Cir. 1998)). On remand, the district court "must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court." *United States v. Matthews,* 312 F.3d 652, 657 (5th Cir. 2002) (quoting *Becerra,* 155 F.3d at 753). "In implementing the mandate, the district court must 'take into account the appellate court's opinion and the circumstances it embraces.'" *United States v. Lee,* 358 F.3d 315, 321 (5th Cir. 2004) (quoting *Sobley v. Southern Natural Gas Co.,* 302 F.3d 325, 333 (5th Cir. 2002)). Because the mandate

rule is a corollary of the law of the case doctrine, it "compels compliance on remand with the dictates of a superior court and forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Castillo,* 179 F.3d at 329 (citation omitted). Therefore, the Fifth Circuit's mandate holding that the towing ordinance does not give rise to a property interest is the law of the case and cannot henceforth be relitigated by Plaintiffs. *Id.*

Furthermore, Plaintiffs' allegation against CoCS—that the City violated Due Process by creating "regulatory schemes" that allowed Plaintiffs to be removed without prior notice or a hearing—is not an actionable Due Process violation. In fact, Due Process jurisprudence is clear that where, as here, a regulation or ordinance expressly provides that an individual or entity may be removed without notice or a hearing, a property interest is not created and the Due Process Clause is not implicated. *Ridgely v. FEMA,* 512 F.3d 727, 736 (5th Cir. 2008) (lack of an explicit and detailed provision for terminating benefits was evidence that no property interest was intended by the statute); *Henderson v. Sotelo,* 761 F.2d 1093 (5th Cir. 1985) (a property interest will not be created in the absence of express and explicit "for cause" language); *Derda v. Brighton Colo.,* 53 F.3d 1162, 1166 (10th Cir. 1995) (no property interest conferred and no right to a pretermination hearing established when statute provided that employees could be removed by city manager at any time for cause). Thus, as the alleged "regulatory schemes" referred to in Plaintiffs' Amended Complaint expressly grant Defendants the authority to remove Plaintiffs from the list without notice or a hearing, it is axiomatic that Defendants did not offend the Due Process Clause by removing Plaintiffs from the list without notice or a hearing. Accordingly, Plaintiffs' Amended Complaint in its current form fails to allege a clearly established property interest which survives the Fifth Circuit Court's mandate vitiating Plaintiffs' claim that a property interest entitlement was created by the CoCS towing ordinance.

4.      **Plaintiffs Have Failed to Adequately Plead an Equal Protection Claim Against Defendants.**

It is well settled that in stating a claim for a violation of the Equal Protection Clause the plaintiff must satisfy a two prong test showing "(1) that they were treated differently from other, similarly situated individuals, and (2) that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights or malicious or bad faith intent to injure a person." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *see also Zeigler v. Jackson*, 638 F.2d 776, 779 (5th Cir. 1981); *Mackenzie v. Rockledge*, 920 F.2d 1554, 1559 (11th Cir. 1991). To fulfill the 'similarly situated' component of a class-of-one Equal Protection claim, the plaintiff must allege more than that they were treated differently as differential treatment does not violate equal protection. *Willowbrook v. Olech*, 528 U.S. 562 (2000). Rather, a plaintiff must allege facts demonstrating that he or she was treated differently from similarly situated persons.

Where a plaintiff's equal protection claim is predicated upon improper discharge,[2] the Fifth Circuit has held that "in order for a plaintiff to show disparate treatment, [he or she] must demonstrate 'that the misconduct for which [plaintiff] was discharged was nearly identical'" to that engaged in by an individual or entity who was retained. *Wallace v. Methodist Hosp. System*, 271 F.3d 212, 221 (5th Cir. 2001); *Smith v. Wal-Mart Stores (No. 471)*, 891 F.2d 1177, 1180 (5th Cir. 1990) (per curiam). The conduct at issue is not nearly identical when the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer. *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 304-05 (5th Cir. 2000) (requiring the plaintiff to show that the company treated others differently in "nearly identical circumstances" and finding that "the striking differences between the two men's situations more

---

[2] Independent contractor service providers, including tow truck operators, are to be evaluated by the standards adopted in public employee cases for the purposes of claims violations of constitutional rights. *See, e.g., O'Hare Truck Serv., Inc.*, 518 U.S. 712 (1996); *White Plains Towing Corp. v. Patterson*, 991 F.2d 1049 (2nd Cir. 1993).

than account for the different treatment they received"). Moreover, two individuals are not 'similarly situated' where the misconduct of one is more severe than the misconduct of another. *Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (holding that the plaintiff-physician was not similarly situated to other physicians employed under the same contract because those physicians, unlike the plaintiff, were not accused of assaulting a co-worker); *Janssen Pharmaceutica, Inc. v. Martinez*, 296 S.W.3d 634 (Tex. App.—El Paso Feb.19, 2009, no pet.) (holding that female sales representative who falsified time records was not similarly situated to male employees who merely failed to report time entries for purposes of disparate discipline analysis because her conduct was more serious and thus not nearly identical to the males' conduct).

In view of precedent, Plaintiffs' Equal Protection claim is clearly deficient as they fail to adequately allege the *prima facie* elements of an Equal Protection cause of action with factual particularity. (Amended Compl. ¶¶ 43, 47, 53). Plaintiffs merely claim that they were treated differently because "at least two" drivers of another company have criminal records. (Amended Compl. ¶ 43). However, the 'similarly situated' component of equal protection is not satisfied merely by alleging that another person or entity engaged in misconduct and did not suffer discharge. *Wallace v. Methodist Hosp. System*, 271 F.3d at 221. Plaintiffs' Amended Complaint fails to allege any facts suggesting that the misconduct of any other towing company was identical to the Plaintiffs' misconduct which motivated Defendants' decision to remove the towing company Plaintiffs from the towing list. *Okoye*, 245 F.3d at 512-13; *Wyvill*, 212 F.3d at 304-05. Thus, Plaintiffs have failed to plead with sufficient factual particularity that Defendants unreasonably infringed upon a clearly established right in removing the towing company Plaintiffs—and not other towing operators—from the list. (Amended Compl. ¶¶ 43, 47, 53).

5.     **Plaintiffs Have Failed to Adequately Plead a Civil Conspiracy Claim Against Defendants.**

The elements of civil conspiracy are (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right. *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999). A conspiracy may be charged under § 1983 as the legal mechanism through which to impose liability on all of the defendants without regard to who committed the particular act, but a conspiracy claim is not actionable without an actual violation of § 1983. *Hale v. Townley* 45 F.3d 914, 920 (5th Cir. 1995). Concerning the second element, the Fifth Circuit has also stated, "[t]o establish a cause of action based on [a § 1983] conspiracy a plaintiff must show that the defendants agreed to commit an illegal act." *Crowe v. Lucas,* 595 F.2d 985, 993 (5th Cir. 1979); *See also McCall v. Peters,* 108 Fed.Appx. 862, 863, 2004 WL 1842567, *1 (5th Cir. 2004).

As demonstrated in the preceding arguments, Plaintiffs have failed to plead an actual violation of a right protected under § 1983 with particularity. Furthermore, Plaintiffs have failed to allege facts indicating that Defendants acted together with the specific intent to violate Plaintiffs' rights. *Kerr,* 171 F.3d at 340; Amended Compl. ¶¶ 64-65). Therefore, Plaintiffs' Amended Complaint does not plead the requisite elements of civil conspiracy.

6.     **Plaintiffs Have Not Adequately Pled Business Disparagement.**

The elements of a business disparagement claim are: (1) publication by the defendant of disparaging words, (2) falsity, (3) malice by defendant, (4) lack of privilege by defendant, and (5) special damages to plaintiff. *Prudential Ins. Co. v. Financial Review Servs., Inc.,* 29 S.W.3d 74, 81 (Tex. 2000). Whether specific words or statements are disparaging is a question of law. *Delta Air Lines, Inc. v. Norris,* 949 S.W.2d 422, 427 (Tex. App.—Waco 1997, pet. denied).

Plaintiffs have not adequately pled a *prima facie* business disparagement claim against Defendant Ikner. As expressly noted in Plaintiffs' Amended Complaint, the letter signed by Chief

Ikner notifying Plaintiffs of their termination from the towing list was handed directly to Plaintiffs. (Amended Compl. ¶ 42). Accordingly, Plaintiffs have failed to sufficiently allege facts establishing publication. *Baubles & Beads v. Louis Vuitton, S.A.*, 766 S.W.2d 377, 380 (Tex. App.—Texarkana 1989, no writ) (a statement is not published if it is made only to the plaintiff). Further, Plaintiffs have failed to plead sufficient factual allegations establishing that the comment in Defendant Ikner's letter informing Plaintiffs that they posed a threat to the CoCS citizens is capable of being proved false. *Harvest House Publ'rs v. Local Church*, 190 S.W.3d 204, 211-12 (Tex. App.—Houston[1st Dist.] 2006, pet. denied) (holding that a statement incapable of being proved true or false cannot be the basis of a defamation action). Accordingly, Plaintiffs' business disparagement claim against Chief Ikner is deficient on the face of the Complaint.

### 7. Plaintiffs Have Not Adequately Pled a Policy or Custom Attributable to CoCS.

Section 1983 offers no *respondeat superior* liability for constitutional torts committed by a municipal employee. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978); *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). The Fifth Circuit has warned that strict observance of this standard is necessary for "where a court fails to adhere to [the] rigorous requirements of culpability and causation, municipal liability collapses into *respondeat superior* liability." *Snyder*, 142 F.3d at 580. Therefore, § 1983 liability will attach "only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis added). Thus, judicial precedent demands that a high standard of proof be satisfied before liability may be imposed against a municipality. *Gonzalez v. Ysleta Indep. Sch. Dist.*, 996 F.2d 745 (5th Cir. 1993).

To protect a municipality against *respondeat superior*-type claims, municipal liability under § 1983 requires a plaintiff to make a *prima facie* showing of three elements: (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a

violation of constitutional rights whose "moving force" is the policy or custom. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002), *cert. denied*, 537 U.S. 1110 (2003); *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001), *cert. denied*, 534 U.S. 820 (2001); *Fraire v. Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992). This standard mandates that a plaintiff seeking relief under § 1983 prove both municipal culpability *and* a direct causal link between the municipal policy and the constitutional deprivation. *Piotrowski*, 237 F.3d 567; *Snyder v. Trepagnier*, 142 F.3d 791 (5th Cir. 1998).

A "policy" as defined by case law is a rule or decision that is officially adopted and promulgated by the governing body. *Monell,* 436 U.S. at 690. "Policy" implies a course of action "consciously chosen from among various alternatives." *Stokes v. Bullins*, 844 F.2d 269, 273 (5th Cir. 1988) (citation omitted). A "custom" or "practice" is a persistent, widespread practice that has become so permanent and well-settled as to constitute a custom or usage with the force of law. *Monell,* 436 U.S. at 690. Allegations of an isolated incident are not sufficient to show the existence of a custom or policy. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984, cert. denied, 472 U.S. 1016) (holding that "isolated violations are not the persistent, often repeated constant violations that constitute custom or policy."); *Piotrowski*, 237 F.3d at 578 *see also Pineda*, 291 F.3d at 329. Rather, to demonstrate a municipal custom or policy under § 1983, a plaintiff must at the *very least* allege a pattern of similar incidents in which citizens' constitutional rights were violated by intentional or negligent state action or that serious incompetence or misbehavior was general or widespread throughout the culpable agency. *Languirand v. Hayden*, 717 F.2d 220, 227 (5th Cir. 1983) cert. denied (467 U.S. 1251) (1984).

To survive the pleadings stage, a plaintiff must establish that a government entity actually adopted an unconstitutional policy or that it otherwise knew about, or acquiesced in, a permanent and deeply imbedded, abusive, and unconstitutional practice. *See Piotrowski v. City of Houston,* 237 F.3d 567, 578-79 (5th Cir. 2001). Further, the plaintiff must identify the alleged policy that violated his or her rights, show that the policy is attributable to the governmental entity, and establish that he

or she incurred damages because of the application of that specific policy. *Id.* at 579; *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984). Lastly, the description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory: it must contain specific facts. *Fraire v. Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992).

Plaintiffs' Amended Complaint fails to satisfy the rigorous requirements of § 1983 as Plaintiffs have made boilerplate allegations without specifically identifying any policies and customs attributable to CoCS which resulted in Plaintiffs' alleged injuries. (Amended Compl. ¶¶ 51-53, 58). Such conclusory allegations are *exactly* what the *Monell* decision defends, and warns, against. *Monell*, 436 U.S. at 690; *Piotrowski*, 237 F.3d at 578-579 (each unlawful custom or policy "must be specifically identified"... plaintiff's establishment of the *Monell* requirements- a policymaker, an official policy and the "moving force" of the policy - is necessary to distinguish individual violations perpetrated by local government employees, which are not actionable under Section 1983, from those that can be fairly identified as actions of the government itself).

Furthermore, Plaintiffs also fail to set forth facts suggesting <u>any</u> causal link between CoCS policy and the alleged constitutional violations they suffered, and they most certainly have not pled any facts suggesting that CoCS policies were the 'moving force' behind their claimed injuries. (Amended Compl. ¶¶ 51-53, 58); *Fraire*, 957 F.2d at 1278. Thus, Plaintiffs' pleadings are inadequate in their current form to establish municipal liability under § 1983. *Snyder*, 142 F.3d at 580. *Pineda*, 291 F.3d at 328.

## C.    Plaintiffs Have Failed to Plead Whether They Are Suing the Individual Defendants in Their Individual Or Official Capacities.

Plaintiffs have failed to state explicitly whether they are suing the Individual Defendants in their official or individual capacity or both. (*See generally*, Amended Compl.). The holding in *Schultea* and its subsequent progeny make clear that at the very least Plaintiffs should be required to file a Rule 7(a) Reply or a More Definite Statement to address this preliminary matter. *Gant v. Police Dept.*

*of Morgan City*, 2008 WL 466166 (W.D. La. 2008) (affirming that if the complaint does not set forth the capacities in which the defendants are sued, the court will require plaintiff to clarify whether the defendants are sued in their individual and/or official capacities). A plaintiff should be required to state specifically if he or she is suing an official in his or her individual capacity or in his or her official capacity, such that the governmental unit is vicariously liable, or both, as the defense of qualified immunity is only available where a governmental official is sued in his or her individual capacity. *Id.*; *see also Turner v. Houma Mun. Fire & Police Civ. Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000).

## III.    Conclusion.

With consideration of the foregoing, if Plaintiffs wish to pursue their claims against Defendants, they should be required to file a More Definite Statement which addresses the pleading deficiencies outlined above and which satisfies the heightened pleading standards articulated by Supreme Court and Fifth Circuit precedent. Furthermore, it would be appropriate for this Court to issue an Order directing Plaintiffs to file a Rule 7(a) Reply which describes, with particularity, factual allegations which adequately engage Defendants' qualified immunity defense and which clarifies whether Plaintiffs are pursuing their causes of action against the Individual Defendants in their individual or official capacities or both. *See Schultea*, 47 F.3d at 1430. Although Defendants are mindful that the use of the 7(a) Reply is within the Court's discretion, the Fifth Circuit's *en banc* holding in *Schultea* has made evident that use of the Rule 7(a) Reply is the customary procedural device for a plaintiff to adequately engage the defense of qualified immunity. *Schultea*, 47 F.3d at 1432-34 (characterizing those cases in which a Reply need not be required by the court as "narrow indeed"). Consequently, Plaintiffs should be required to file a reply specifically tailored to the qualified immunity defense of the Individual Defendants pursuant to Rule 7(a) of the Federal Rules of Civil Procedure and pursuant to applicable Fifth Circuit jurisprudence.

## MOTION FOR PROTECTION FROM DISCOVERY

In the context of both sovereign and qualified immunity, the United States Supreme Court has advised that "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 818, 816-18 (1986). The *Harlow* Court affirmed that the protections afforded by immunity would be greatly depreciated if it did not include protection from discovery. 475 U.S. at 816-18. The Court specifically referred to *Halperin v. Kissinger*, 606 F.2d 1192 (D.C. Cir. 1979), *aff'd in pertinent part*, 452 U.S. 713 (1981), for the proposition that close control of discovery is essential to the preservation of meaningful immunity. 475 U.S. at 818, n. 29. The policy underlying this rule is that immunity serves the ends of avoiding an official's distraction from their governmental duties. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996). To preserve these ends, "even such pretrial matters as discovery are to be avoided." *Id.; see also Elliott v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985) ("subjecting officials to trial, traditional discovery, or both concerning acts for which they are likely immune undercuts the protection from governmental disruption which official immunity is purposed to afford...allowing any but perhaps the most preliminary proceedings on the immunity-barred claim runs squarely counter to the doctrine's basic protective purpose: that officials be free to exercise their duties and functions without fear of having their attentions distracted by the subsequent claims of unhappy or unsuccessful litigants."). Furthermore, in *Halperin* the Court noted that precluding discovery in the preliminary stages of litigation would be warranted as uncontrolled discovery constitutes a form of harassment imposing an undue burden on public officials and government agencies. 606 F.2d at 1209.

1.    **Fifth Circuit Precedent Routinely Disallows Discovery Pending Resolution of Immunity Defenses.**

In accordance with Supreme Court precedent, the Fifth Circuit likewise mandates that *all* immunity issues must be resolved before a case may proceed forward. *See Williamson v. United States*

*Department of Agriculture,* 815 F.2d 368, 383 (5th Cir. 1987) ("The district court acted properly in staying discovery in this case pending resolution of the immunity issues."). Accordingly, Courts within the Fifth Circuit routinely grant motions which suspend discovery when immunity issues are raised. *Johnson v. Johnson,* 2006 WL 846372 (S.D. Tex. March 28, 2006) (motion to stay discovery granted pending resolution immunity); *Frank v. Kennedy,* 2006 WL 3843607, *1 (S.D. Tex. 2006) (granting in part defendant's motion for protection from discovery). *Bryant v. Orndorff,* 2005 WL 139115 (N.D. Tex. 2005 ) (motion to stay discovery granted pending resolution of qualified immunity); *Bolen v. Dengel,* 2004 WL 2095440 (E.D. La 2004) (all discovery stayed); *LeClerc v. Webb,* 2003 WL 21027609 (E.D. La 2003) ("this Court has determined that the better course is to follow the rule set forth by the Fifth Circuit in *Williamson,* and the Supreme Court in *Harlow*-that is, to stay discovery in the captioned matter pending the resolution of *all* of the immunity issues."); *Jones v. City of Grand Prairie,* 1998 WL 119532 (N.D. Tex. 1998) (discovery stayed); *Mississippi Band of Choctaw Indians v. State of Miss.,* 1991 WL 255614, 5 (S.D. Miss. 1991) (Defendants are relieved of the duty to respond to the proceedings on the merits until such time as the threshold issue of sovereign immunity has been determined). In light of existing precedent, granting a motion for protection from discovery until such time as Defendants' claimed immunity defenses have been resolved would be consistent with Fifth Circuit precedent.

## 2. Discovery Should be Precluded Until an Official's Qualified Immunity is Determined.

Because qualified immunity is "an immunity from suit rather than a mere defense to liability...it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Thus, qualified immunity "is a threshold question which acts as a bar to a court's right to adjudicate the claim." *Sutton v. United States,* 819 F.2d 1289, 1299 (5th Cir. 1987) (citing *Harlow,* 457 U.S. at 818). Indeed, it is imperative that the issue be resolved "at the earliest possible stage in litigation." *Id.*

"The qualified-immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). "Subjecting officials to trial, traditional discovery, or both, concerning acts for which they are likely immune undercuts the protection from governmental disruption which official immunity is purposed to afford." *Elliot v. Perez*, 751 F.2d 1472, 1478 (5th Cir. 1985). Thus, "allowing any but perhaps the most preliminary proceedings on the immunity-barred claims runs squarely counter to the doctrine's basic protective purpose: that officials be free to exercise their duties and functions without fear of having their attentions distracted by the subsequent claims of unhappy or unsuccessful litigants." *Id.*

In *Schultea*, the Court addressed that in evaluating the threshold inquiry as to whether qualified immunity applies,

> "the district court may ban discovery… and may limit any necessary discovery to the defense of qualified immunity…[T]he district court need not allow any discovery unless it find that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts."

*Schultea*, 47 F.3d at 1433-34. Consequently, "even limited discovery on the issue of qualified immunity must not proceed until the district court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Vander Zee*, 73 F.3d at 1368-69. Therefore, Fifth Circuit precedent requires that discovery be stayed until the "plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct." *Schultea*, 47 F.3d at 1433-34; *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987) (discovery must not proceed until the District Court first finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity).

**3.    Defendants' Motion for Protection Should be Granted Until Such Time as All Immunity Issues Have Been Resolved.**

As outlined above, Plaintiffs' perfunctory and conclusory allegations are not specific as to how the Individual Defendants allegedly violated Plaintiffs' clearly established rights. As a necessary precondition to initiating discovery—even discovery limited to the qualified immunity determination—Plaintiffs are required to specifically identify an issue as to the clear illegality of each Individual Defendant's conduct. Without precise factual allegations, Plaintiffs are not entitled to any discovery in this case. *Schultea*, 47 F.3d at 1433-34. Similarly, Plaintiffs have failed to state a claim against CoCS as they have failed custom or practice attributable to CoCS on the face of the pleadings. Likewise, Plaintiffs cannot maintain a RICO claim against CoCS as precedent is clear that sovereign immunity remains intact for such an action. *Dickerson*, 298 F.Supp.2d at 544. Accordingly, on the face of the pleadings, CoCS's sovereign immunity remains unscathed. Where, as here, a plaintiff fails to allege particularized facts or assert credible grounds for defeating sovereign immunity, discovery is improper until the threshold question of sovereign immunity is resolved. *Harlow*, 475 U.S. 813, 818; *Texas v. Caremark, Inc.*, 584 F.3d 655, 658 (5th Cir. 2009) ("the sovereign immunity question must be decided before further litigation proceeds; otherwise, the object and purpose of sovereign immunity-to shield the states from the burden of suits to which they have not consented-is violated").

In the alternative, assuming *arguendo* that this Court finds that Plaintiffs' Complaint sufficiently alleges facts to overcome the qualified and sovereign immunity defenses, this Court may allow some discovery. *Wicks v. Mississippi State Employment Serv.*, 41 F.3d 991, 995 (5th Cir. 1995). However, even in such instances, discovery *must be narrowly tailored* to the asserted immunity defenses. *Lion Boulos*, 834 F.2d at 507-08.

Accordingly, Defendants move this Court to grant their Motion for Protection, protecting Defendants from discovery until such time that Plaintiffs have adequately engaged the qualified and

sovereign immunity defenses on the face of the pleadings.  In the alternative, assuming that this Court finds Plaintiffs' pleadings sufficient allege facts defeating the immunity defenses, Defendants move this Court to issue a Protective Order limiting discovery to the threshold issue of whether qualified and sovereign immunity applies to shield Defendants from liability and suit.

<u>Prayer</u>

For the foregoing reasons, Defendants request that the Court GRANT their Motion for a More Definite Statement as authorized by FRCP 12(e) and a Rule 7(a) Reply and Grant their Motion for Protection.

Respectfully submitted,

DANIEL F. SHANK
Texas State Bar No.18090400
3 E. Greenway Plaza, Suite 2000
Houston, TX  77046
(713) 651-0111 Telephone
(713) 651-0220 Telecopier

ATTORNEY-IN-CHARGE FOR
DEFENDANTS CITY OF COLLEGE
STATION, FORMER CHIEF MICHAEL
IKNER, GLENN BROWN, KARLA
WIESEPAPE, RACHEL FALWELL AND
WALTER SAYERS

OF COUNSEL:
COATS, ROSE, YALE,
RYMAN & LEE, P.C.

Arthur Val Perkins
TBA #15782600
3 East Greenway Plaza, Suite 2000
Houston, TX  77046
Telephone: (713) 653-7341
Telefax: (713) 890-3946

1198415.1/009657.000019                                      24

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was delivered to all counsel of record via facsimile, certified mail, return receipt requested, and/or hand delivery on this 16th day of February, 2010.

Mr. Ty Clevenger
1716 Briarcrest Drive, Suite 206
Bryan, TX 77803

Mr. Ramon G. Viada, III
Viada & Strayer
17 Swallow Tail Court , Suite 100
The Woodlands, TX 77381

Mr. John W. Belk
Sheiness Scott et al
1001 McKinney, Suite 1400
Houston, TX 77002

William W. Krueger, III
McKamie Krueger, LLP
2007 N. Collins Blvd., #501
Richardson, TX 75080

DANIEL F. SHANK

## CERTIFICATE OF CONFERENCE

The undersigned counsel certifies that on February 15, 2010, Plaintiffs were informed of Defendants' intention to file this Motion for a More Definite Statement and Rule 7(a) Reply and Motion for Protection from Discovery. Plaintiffs have informed Defendants that they are opposed to this Motion.

DANIEL F. SHANK