UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS CHAVERS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-08-3286 |
| | § | |
| TYRONE MORROW, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Pending before the Court is six of the defendants', the City of College Station, Texas ("College Station"), Michael Ikner ("Ikner"), Glenn Brown ("Brown"), Karla Wiesepape ("Wiesepape"), Rachel Fallwell ("Fallwell") and Walter Sayers ("Sayers") (collectively, the "defendants," unless referred to individually), motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Docket Entry No. 119).  The plaintiffs, Thomas Chavers ("Chavers"), Sandra Portzer ("Portzer"), Brazos Valley Carriage Company, L.P., All American Roadrunners, L.P., and Brazos Valley Roadrunners, L.P. (collectively, the "plaintiffs," unless referred to individually), filed a response to the defendants' motion (Docket Entry No. 130), and the plaintiffs filed a reply in support of their motion (Docket Entry No. 132).  Having carefully reviewed the parties' submissions, the record and the applicable law, the Court hereby GRANTS the defendants' motion for judgment on the pleadings.

**II.    Factual Background**

The facts pertinent to this dispute are set forth in the Court's earlier memorandum opinions.  (Docket Entry Nos. 25 & 106).

**III.     Contentions**

    **A.     The Defendants' Contentions**

The defendants' argue that summary judgment dismissing each of the plaintiffs' claims is proper. Initially, they assert that both Portzer and Chavers lack standing to bring the instant suit. Further, it is argued that the plaintiffs have not alleged the elements of a valid civil conspiracy, business disparagement, First Amendment retaliation, Due Process or racketeering claim. The defendants maintain a similar position regarding the instant Equal Protection claim, specifically stating that the plaintiffs: (a) must assert a (presently inapplicable) "class-of-one" Equal Protection claim; (b) have not identified any similarly situated parties; and (c) are bringing this claim despite the defendants' proffered legitimate reason to remove the plaintiffs from the non-consent tow list (the "towing list"). With regard to the claims against College Station, the defendants maintain that liability is improper because no policy or custom of action was alleged and any alleged malfeasant party did not make policy for the city. Lastly, they assert that the individual defendants are entitled to qualified immunity on the present claims.

    **B.     The Plaintiffs' Contentions**

The plaintiffs argue that dismissal of the present claims is improper. To this end, they initially assert that the Fifth Circuit's previous opinion in this case held that the plaintiffs might establish a property interest in being on the towing list. Furthermore, the plaintiffs maintain that the Court's earlier order dismissing their claims against the City of Bryan was in error, and therefore, that opinion's rationale should not be applied at present. The plaintiffs request that—if the Court determines that their business disparagement claim is not pleaded with sufficient specificity—they be allowed to amend that their complaint. Lastly, the plaintiffs assert that they have pleaded a viable claim with regard to each instant causes of action

**IV.** **Standard of Review**

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004)). Under Rule 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe*, 528 F.3d at 418 (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (internal quotations omitted)). To this end, the factual allegations contained in the plaintiff's complaint are to be taken as true. *Doe*, 528 F.3d at 418; *see also Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). Dismissal is only appropriate if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [factual allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, the court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his or her claims, not whether the plaintiff will eventually prevail. *Twombly*, 550 U.S. at 563 n.8 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)); *see also Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

## V. Analysis & Discussion

### A. The Individual Plaintiffs and Standing

The defendants assert that "Mr. Chavers and Ms. Portzer lack standing [because] they have never been on the towing list . . . ." As this Court has previously recognized:

> [T]he [individual] plaintiffs' claims [against the City of Bryan] fail because individual plaintiffs, Chavers and Portzer, have no standing to sue. The claims of these individual plaintiffs constitute an appropriation of the claims of the partnership or corporate plaintiffs. Partnerships and corporations are persons under the law and enjoy a separate legal existence apart from their partners or shareholders. In the case at bar, the corporate plaintiffs were the entities approved to perform nonconsent tows for the City, not the individual plaintiffs. Hence, without a showing of a separate and distinct injury apart from the injury asserted by the corporate entities, there is not a basis for a partner or shareholder suit. *See Cates v. Int'l Tel & Tel. Corp.*, 756 F.2d 1161, 1181–82 (5th Cir. 1995). As well, the individual plaintiffs' assertion of a violation of their First Amendment rights does not necessarily give rise to a corporate First Amendment claim. *Id*. Because there is no distinct or separate injury experienced by Chavers and Portzer that does not belong to the partnerships or corporate plaintiffs, their separate claims for redress are DISMISSED for lack of standing.

(Docket Entry No. 106). The Court finds this rationale persuasive with regard to the (presently-moving) defendants. Accordingly, Portzer and Chavers' claims against the defendants are dismissed.

### B. First Amendment Retaliation

To establish a First Amendment retaliation claim, a plaintiff must show four things: "(1) that plaintiff suffered an adverse employment decision; (2) that the plaintiff's speech involved a matter of public concern; (3) that the plaintiff's interest in commenting on matters of public concern . . . outweighs the [d]efendant's interest in promoting [workplace] efficiency; and (4) that the plaintiff's speech motivated the defendant's action." *DePree v. Saunders*, 588 F.3d 282, 286–87 (5th Cir. 2009) (quoting *Beattie v. Madison Cnty. Sch. Dist.,* 254 F.3d 595, 601 (5th Cir. 2001)). With regard to this cause of action, the defendants state that the "plaintiffs have failed to plead a cognizable First Amendment retaliation claim."

In the present complaint, the defendants allege that the plaintiffs retaliated against them for engaging in two activities protected by the First Amendment. First, the defendants assert that they sent several letters notifying "various public officials about corruption in the administration of the wrecker rotation lists." This correspondence was sent to the Brazos County Sheriff, the Brazos County Attorney, and the city manager, city council, and mayor of the City of College Station. Second, the plaintiffs argue that the defendants retaliated against them for engaging in the (protected) act of filing this lawsuit.

Beyond generalized assertions of retaliation, the plaintiffs argue that they were retaliated against in two ways. First, they assert that, on November 4, 2008, several College Station police officers were investigating allegations of an improper involuntary tow by the defendants. The officers told the defendants that they were going to return to the scene of the tow to determine if

proper signage was present. The plaintiffs maintain that these acts were retaliation commanded by Ikner because the plaintiffs had exercised their First Amendment rights. The Court sees no adverse effect that this investigation could have had on the plaintiffs. Absent such, the plaintiffs cannot maintain this cause of action.

Second, the plaintiffs allege that they have continued to be excluded from the towing list because they, in exercise of their First Amendment rights, filed the present lawsuit. On this issue, the Court finds that College Station's interest in promoting work place efficiency (by exercising discretion over the towing list) exceeds any public good promoted by the filing of the instant lawsuit. Specifically, as discussed herein, the plaintiffs have not alleged viable causes of action against the (presently moving) defendants, and to this extent, the city's interest in efficiently running its towing regime predominates. *See Engquist v. Or. Dept. of Agr.*, 128 S. Ct. 2146, 2151 (2008) (discussing the importance of the government being able to efficiently run employment activities). Therefore, this cause of action must be dismissed.

### C. Due Process

In the present complaint, the plaintiffs assert that "the city ordinances of the City of Bryan and the City of College Station . . . are unenforceable as applied because they violate the Due Process Clause of the U.S. Constitution." On this issue, "a threshold requirement . . . is the government's deprivation of a plaintiff's liberty or property interest." *DePree v. Saunders*, 588 F.3d 282, 289 (5th Cir. 2009) (citing *Moore v. Miss. Valley State Univ.*, 871 F.2d 545, 548 (5th Cir. 1989)). The defendants argue that the plaintiffs have not "recite[d] the elements of a due process violation, let alone articulate sufficient factual detail . . . ." As set forth in the Court's earlier Memorandum Opinion and Order (Docket Entry No. 106), the plaintiffs maintain no property interest in their presence on the towing list. Further, to the extent that any property

interest is present, the plaintiffs were previously afforded sufficient due process on this issue. (Docket Entry No. 106). Therefore, this cause of action must be dismissed.

### D. Racketeering

To state a federal civil racketeering cause of action, a plaintiff must show: "(1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir. 1998) (citing *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989)). "'Racketeering activity' means any act indictable under various specified federal statutes, and certain federal offenses.[1]" *Broyles v. Wilson*, 812 F. Supp. 651, 657 (M.D. La. 1993) (footnote in original).

With regard to the plaintiffs' racketeering claims, the defendants assert that the "[p]laintiffs offer nothing more than mere conclusory allegations [of a pattern of racketeering activity.]" On this issue, two types of racketeering have been pleaded with any level of specificity. In particular, the plaintiffs state that "[t]he barbecue dinners and other benefits provided by A-1 Towing Service bribed various officers of the defendant agencies, causing the[] officers of the City of Bryan, City of College Station, and Brazos County to illegally steer business away from other towing companies" and Sayers "engaged in wire fraud by falsely stating that drivers had requested A-1 when, in fact, the drivers had made no such request." However, these allegations fail to elaborate on what parties were involved in the alleged bribery or wire fraud. Furthermore, the plaintiffs fail to detail how Sayers' actions constitute a pattern of racketeering activity. Accordingly, with regard to these claims, the defendants' motion is granted.

---

[1] 18 U.S.C. § 1961(1): "racketeering activity" means (A) any act or threat involving murder, kidnaping [sic], gambling, arson, robbery, bribery, extortion, or dealing in narcotic or other dangerous drugs, which is chargeable under State law and punishable by imprisonment for more than one year . . . .

### E. Equal Protection

The plaintiffs allege that they were improperly treated differently than other towing companies. Specifically, they state that they were excluded from the towing list because of alleged acts of malfeasance, but other companies were not excluded (or investigated) for similar actions. With regard to this argument, the defendants maintain that—since the plaintiffs have not alleged that they were part of a protected class of individuals—this Equal Protection cause of action must stand as a "class-of-one" claim. On this topic, the Supreme Court has "recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (citing *Sioux City Bridge Co. v. Dakota Cnty.*, 260 U.S. 441 (1923); *Allegheny Pittsburgh Coal Co. v. Comm'n of Webster City*, 488 U.S. 336 (1989)). However, this cause of action is unavailable in a "public employment context," such as the one presently before the bar. *Engquist v. Or. Dept. of Agr.*, 128 S. Ct. 2146, 2148–49 (2008). Accordingly, dismissal is appropriate on this claim.

### F. Municipal Liability

With regard to municipal liability, the defendants argue that the plaintiffs have not alleged that College Station maintained a policy or procedure leading to the presently alleged malfeasance. Therefore, the defendants assert that municipal liability is improper. In addressing similar claims against the City of Bryant in the instant case, the Court has previously stated:

> [M]unicipal liability under § 1983 rests in the actions of its employees in carrying out official municipal policy. [*Monell v. Dept. of Soc. Servs. of City*, 436 U.S. 658, 691 (1978).] Hence, only those who have final policymaking authority, here the City Council, may subject the City to § 1983 liability.[2] Because the Ordinance

---

[2] The plaintiffs do not allege that the City voted to either approve the removal of the plaintiffs from the tow list or refused to reinstate them.

> is not attacked as unconstitutional, the question is whether the conduct of Chief Morrow, in the manner of implementation, exposes the City to liability under § 1983. The evidence shows that the City Council delegated the authority to enforce the towing Ordinance to the police department. However, nothing in the Ordinance authorizes Chief Morrow to violate the Ordinance, state or federal law. To the extent that Chief Morrow's implementation practices violate state or federal law, he alone would be responsible. Hence, his "illegal conduct," if any, does not automatically become the conduct of the City's governing body. *See Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). In the case at bar, the plaintiffs have failed to point out a policy, practice, or regulation promulgated by the City that Chief Morrow implemented at the City's behest that violates § 1983. While it might be argued that Chief Morrow and his officers engaged in conduct that is violative of federal law, it cannot be said that the Ordinance authorized such conduct. Therefore, the plaintiffs have failed to show that any alleged illegal conduct of Chief Morrow automatically brings the City within the ambit of § 1983.
>
> The plaintiffs' complaint that the City adopted Chief Morrow's conduct and, therefore, became liable vicariously also fails. There is no allegation of fact, beyond conclusion, that the City adopted the actions of Chief Morrow. Surely the City gave authority to Chief Morrow to enforce the Ordinance. In this respect, he had the discretion to apply the Ordinance without immediate oversight from the City. The fact that Chief Morrow steered business to one tow company more often than another, if in fact he did, was simply the exercise of his judgment and discretion, not based on an official policy or custom of the City. *See Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993). Beyond conclusionary statements, there are no facts asserted in the plaintiffs' pleading suggesting that the City adopted Chief Morrow's conduct and thereby violated § 1983.

(Docket Entry No. 106) (footnote in original).

The present allegations against College Station are, in pertinent part, similar to those claims brought against Bryan. Accordingly, the logic set forth above is applicable to the instant claims. Thus, consistent with the Court's earlier ruling, the municipal liability claims against College Station are dismissed.

### G. Business Disparagement

"The elements of a claim for business disparagement are: (1) publication of disparaging words by the defendant, (2) falsity, (3) malice, (4) lack of privilege, and (5) special damages." *MKC Energy Invs., Inc. v. Sheldon*, 182 S.W.3d 372, 376 (Tex. App.—Beaumont 2005, no pet.)

(citing *Granada Biosciences, Inc. v. Forbes, Inc.*, 49 S.W.3d 610, 615 (Tex. App.—Houston [14th Dist.] 2001)). With regard to the plaintiffs' business disparagement claim against Ikner, the defendants state that, since the alleged disparaging statement were made in a letter to the plaintiffs, the publication element is not satisfied. The Court agrees; business disparagement requires publication of the alleged defamation to a *third party*. *Astoria Indus. of Iowa, Inc. v. SNF, Inc.*, 223 S.W.3d 616, 624 (Tex. App.—Fort Worth 2007, pet. denied). No such publication has been alleged. Accordingly, dismissal of this claim is appropriate.[3]

### H. Civil Conspiracy

"The elements of civil conspiracy are (1) two or more people; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result." *Plotkin v. Joekel*, 304 S.W.3d 455, 488 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005)). With regard to this cause of action, the defendants assert that dismissal of this claim is proper because the "Plaintiffs have . . . failed to allege facts indicating that Defendants acted together with the specific intent to violate Plaintiffs' rights."

In the Third Amended Complaint, the plaintiffs assert that the defendants agreed "to unlawfully inflict harm on the Plaintiffs, [and] therefore each of these Defendants is liable for all the wrongful acts committed as part of the conspiracy." The Court finds that this assertion—standing alone—merely recites the elements of this cause of action, which is insufficient to survive the instant motion to dismiss. *See Bell Atl. Corp. v. Twombly*,

---

[3] The plaintiffs cannot amend their complaint (to more specifically plead this cause of action) in a manner that would cure this deficiency. As such, the plaintiffs' request to amend their complaint is denied.

550 U.S. 544, 555 (2007). Accordingly, with regard to the instant cause of action, the defendants' motion to dismiss is granted.

## VI. Conclusion

Based on the above, the Court hereby GRANTS the defendants' motion for judgment on the pleadings.[4]

It is so **ORDERED.**

SIGNED at Houston, Texas this 30th day of August, 2010.

Kenneth M. Hoyt
United States District Judge

---

[4] Any requested relief not expressly granted herein is hereby denied.